IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| RENE JELINEK | * |
|---|---|
|     Plaintiff | * |
| v. | |
| | *     CIVIL NO. JKB-13-1605 |
| THEODORE ALFORD, *et al.* | |
| | * |
|     Defendants | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

The Clerk entered default against Defendant Theodore Alford on September 27, 2013. (ECF No. 20.) On October 1, Alford, who is proceeding *pro se*, filed a "motion for leave to extend time for filing answer," in which he requested leave to file his answer to Plaintiff's complaint and, implicitly, moved to set aside the clerk's entry of default. (ECF No. 18). Plaintiff has opposed the motion (ECF No. 23) and has also moved for default judgment (ECF No. 22). No hearing is necessary.[1] Local Rule 105.6 (D. Md. 2011). Alford's motion will be granted and plaintiff's motion for default judgment will be denied. However, Defendant Alford is put on notice that failure to meet future court deadlines will place him at risk of judgment being entered against him.

Rule 55(c) of the Federal Rules of Civil Procedure permits a district court to set aside an entry of default for good cause. The Fourth Circuit has provided guidance as to how a district court determines whether good cause exists:

---

[1] Although the parties have filed neither a response nor a reply to Plaintiff's motion for default judgment (ECF No. 22), the Court deems the motion ripe for adjudication. The issues raised by Plaintiff's motion for default judgment are addressed by the parties' filings with regard to Defendant's motion for leave to extend time to file an answer. (ECF Nos. 21, 23, and 24.) The Court considers the arguments made by the parties' in those filings (ECF Nos. 21, 23, and 24) in relation to both Defendant's motion for leave to extend time to file an answer (ECF No. 21) and Plaintiff's motion for default judgment. (ECF No. 22.)

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Further, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, both Rule 55(c) and Rule 60(b) "are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). If any doubt exists as to whether relief should be granted, it is to be "resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

Plaintiff's two claims against Alford are for unjust enrichment and fraudulent inducement. (ECF No. 1, Compl., Counts II and III.) Broadly, both are based on Plaintiff's allegation that Alford falsely represented that the nightclub he owned was a profitable business (Compl, ¶¶6, 31), as well as Plaintiff's claim that Alford diverted funds that Plaintiff invested in Alford's company Ideal Management Company, LLC to himself. (Compl., ¶¶ 27-29.) Alford asserts that he has a meritorious defense to these claims. In particular, Alford claims that Plaintiff invested in a "future business, not a 'supposedly profitable company'" and that Plaintiff approved of the release of the funds to Alford for use in the business. (ECF No. 24.) Alford further claims that he has been "extremely diligent in trying to overcome the various issue [sic] surrounding the business," which pertain essentially to zoning and liquor license issues. (*Id.*) These are issues that should be disposed of on their merits.

The Court does not ignore the irresponsible way in which Alford has conducted himself in the context of this action. Far from exonerating him, the explanation he has proffered for his

2

tardiness—that he "forgot about the matter" (ECF No. 21)—suggests a lack of respect for this Court and these proceedings. Further, Alford's actions are unfair to Plaintiff. They have delayed these proceedings and forced Plaintiff to incur costs in opposing Alford's motion to extend time (ECF No. 23) and filing a motion for default judgment for default judgment (ECF No. 22).

However, given that Alford has proffered what could be a meritorious defense and filed his motion within a few days of the Clerk's entry of default, this Court finds that doing justice in this case requires vacating the Clerk's entries of default against Defendants and proceeding to resolve the case on its merits. However, Alford is now on notice that he is to comply with all deadlines in these proceedings.

Accordingly, it is hereby ORDERED:

1. Defendant Alford's motion to for leave to extend time to file an answer (ECF No. 21) is GRANTED. Defendant Alford shall file his answer on or before December 24, 2013.
2. The Clerk's entry of default (ECF No. 20) is VACATED.
3. Plaintiff's motion for default judgment (ECF No. 22) is DENIED.

DATED this <u>9th</u> day of December, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge